# Wytheville.

## Donithan v. Commonwealth.

### June 17, 1909.

1. Intoxicating Liquors—*Spirituous Liquors—Intoxicating Cider.*—
Under an indictment for the unlawful sale of "spirituous and malt liquors, whiskey, brandy, wine, ale, beer or mixtures thereof," the defendant cannot be convicted on proof of the sale of intoxicating cider. Cider is not a spirituous liquor, nor does it belong to any of the other classes enumerated. While all spirituous liquors are intoxicating, and all intoxicating liquors are, by force of the act of March 12, 1908, deemed to be ardent spirits, it is certain that all ardent spirits are not spirituous liquors. Malt liquors are intoxicating, but cannot be classified as spirituous.

Error to a judgment of the Circuit Court of Pulaski county.

*Reversed.*

The opinion states the case.

*H. C. Gilmer* and *J. L. Wysor,* for the plaintiff in error.

*Attorney General Wm. A. Anderson,* for the Commonwealth.

Keith, P., delivered the opinion of the court.

Donithan was indicted in the Circuit Court of Pulaski county for the unlawful sale by retail of "spiritous and malt liquors, whiskey, brandy, wine, ale, beer, or mixture thereof." Upon the trial the evidence failed to prove the sale of any of the articles specifically mentioned in the indictment, but evidence was

admitted of the sale of cider which produced intoxication, and upon this proof the jury rendered a verdict against the defendant, and fixed his fine at $50.00, upon which judgment was entered.

During the progress of the trial the defendant excepted to the ruling of the court allowing the witness to testify as to the sale of intoxicating cider, upon the ground that no such offense was charged in the indictment, and this ruling presents the only question which need be here considered.

The sale of cider cannot be brought within the terms of the indictment unless cider is to be considered a spirituous liquor, as it certainly is not a malt liquor, whiskey, brandy, wine, ale, beer, or any mixture thereof.

Section 1 of the act of Assembly, approved March 12, 1908 (Acts 1908, p. 275), declares, that "all mixtures, preparations and liquors which will produce intoxication shall be deemed ardent spirits, within the meaning of this act."

If, therefore, the term "ardent spirits" had been used in the indictment, there would have been room to contend (though we do not here decide) that the charge would have been supported by the proof of sale of any mixture, preparation or liquid which would produce intoxication. But while all spirituous liquors are intoxicating, and all intoxicating liquors are by force of the statute ardent spirits, it is certain that all ardent spirits are not spirituous liquors. Malt liquors, for instance, are intoxicating, but cannot be classified as spirituous. 17 A. &. E. Enc. L. 203; *State* v. *Oliver,* 26 W. Va. 422, 53 Am. Rep. 79; *Commonwealth* v. *Livermore,* 4 Gray, 20; *Feldham* v. *Morrison,* 1 Ill. App. 460.

We are of opinion that the indictment does not warrant proof of the sale of cider.

It follows that the judgment of the circuit court must be reversed, and the cause remanded for further proceedings to be had therein not in conflict with this opinion.

*Reversed.*